**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

**FILED**

**June 30, 2020**

KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

| | | |
|---|---|---|
| **TRE'VON A. WOODARDS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:20-cv-00645-O-BP** |
| | § | |
| **GOOGLE, CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint filed by Plaintiff Tre'Von A. Woodards ("Woodards") on June 22, 2020. ECF No. 1. Plaintiff proceeds *pro se* and *in forma pauperis*. *See* ECF Nos. 1, 5. The case was referred to the undersigned pursuant to Special Order 3 on June 22, 2020. ECF No. 3. After reviewing the pleadings, the files in fifteen other cases filed by Woodards in the last seven months in this Court that have been dismissed, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge O'Connor **DISMISS** this case **with PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) because it is frivolous and because Woodards's Complaint fails to state a cause of action and sanction Woodards by ordering that he not file any further civil actions in this Court or continue any civil actions removed to this Court without first obtaining leave.

**I.    FACTUAL BACKGROUND**

Proceeding *pro se* and *in forma pauperis*, Woodards filed seventeen other civil actions in the Court's Abilene Division beginning last year. All but two of them have been dismissed as frivolous or for failure to state a claim. The fifteen cases that have been dismissed are as follows: *Woodards v. Leonard Green & Partners*, Civil Action No. 1:19-cv-00255-H-BU, and *Gannaway*,

1:19-cv-00256-H-BU (without prejudice on March 6, 2020); *Phillip Morris International*, 1:20-cv-00004-H-BU (with prejudice on February 20, 2020); *AEP*, 1:20-cv-00079-H-BU (with prejudice on June 18, 2020); *All Politicians, City Officials, and Presiding Presidents*, 1:20-cv-00090-H-BU (with prejudice on June 9, 2020); *Law Enforcement Agencies*, 1:20-cv-00091-C, and *Federal Clerks and FBI*, 1:20-00092-C (without prejudice on May 11, 2020); *Taylor County Courthouse*, 1:20-cv-00093-H-BU (with prejudice on June 16, 2020); *John Parker and Wesley Hendrix*, 1:20-cv-00094-P-BP (with prejudice on June 10, 2020); *Google*, 1:20-cv-00095-H-BU, and *Facebook, Instagram, Snapchat, Twitter, Tinder, and Fans Only*, 1:20-cv-00096-H-BU (with prejudice on June 16, 2020); *Verizon, Sprint, AT&T, Metro PCS, and TMobile*, 1:20-cv-00097-C (without prejudice on May 11, 2020); *Loren Gray*, 1:20-cv-00098-H-BU (with prejudice on June 16, 2020); *Governor Greg Abbott, Ted Cruz, and Law Enforcement*, 1:20-cv-00099-H-BU (with prejudice on June 18, 2020); and *Federal Clerks, Wesley Hendrix, John Parker, and FBI*, 1:20-cv-00100-P-BP (with prejudice on June 10, 2020). The two cases that remain pending are *Woodards v. State of Texas, Abilene Police Department, Taylor County Adult Detention Center, Taylor County Court, and Taylor County Clerk*, 1:19-cv-00243-H-BU, and *Woodards v. Dallas Police Department*, 1:20-cv-00046-H-BU.

In his Order Accepting Findings, Conclusions, and Recommendation of the United States Magistrate Judge entered on June 9, 2020 in *Woodards v. All Politicians, City Officials, and Presiding Presidents*, 1:20-cv-00090-H-BU, United States District Judge James Wesley Hendrix included the following warning to Plaintiff:

> Woodards is further warned that any future filings—whether filed directly with this Court, filed in state court and removed to this Court, or filed in another federal court and transferred to this Court—could subject him to monetary sanctions or preclusion from making further filings without leave of court, or both.

*Id.*, ECF No. 7 at 2.

Judge Hendrix included the same warning in his six Orders accepting United States Magistrate Judge John R. Parker's Findings, Conclusions, and Recommendation entered after June 9, 2020. *See* 1:20-cv-00093-H-BU, 1:20-cv-00095-H-BU, 1:20-cv-00096-H-BU, and 1:20-cv-00098-H-BU, ECF No. 7 at 2 in each case, entered on June 16, 2020; and 1:20-cv-00079-H-BU, ECF No. 8 at 2, and 1:20-cv-00099-H-BU, ECF No. 7 at 2, entered on June 18, 2020.

Despite being warned seven times that any future filings "could subject him to monetary sanctions or preclusion from making further filings without leave of court, or both," Woodards filed the Complaint at issue here. In that Complaint, Woodards seeks punitive damages from Google, Corporation. His Statement of Claim is: "Product liability; on March 18, 2020, Google's product, Google Maps directed [Plaintiff] towards on-going traffic on Lamar St. downtown Fort Worth, TX, putting [Plaintiff] in harm's way." ECF No. 1 at 4. The Relief he seeks: "I am claiming $1,000,000,000,000 in punitive damages against Defendant due to the product liability of its product, Google Maps, that involved me in a tort of putting my placement in harm's way." *Id*.

The Court ordered Woodards to appear on June 26, 2020 to show cause why the undersigned should not recommend that Judge O'Connor dismiss this case with prejudice and enter appropriate sanctions against Woodards. ECF No. 6. Woodards did not appear for the hearing.

## II.    LEGAL STANDARD

### A.    *Pro Se* Standard

Particular to a *pro se* party, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.*

3

*Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se . . .* complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### B.   Section 1915 Screening Standard

Title 28, United States Code, section 1915(e)(2) provides:

[T]he court shall dismiss the case at any time if the court determines that—

> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
>> (i) *is frivolous* or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). "Thus, the very statute allowing plaintiff to proceed as a pauper also requires the Court to screen a pauper's complaint and dismiss it without service of process at any time [if] the Court . . . determines [the complaint is] frivolous[] . . . ." *Heredia v. Keller*, No. 2:01–CV–0362, 2001 WL 1335909, at *1 (N.D. Tex. Oct. 26, 2001). "[C]onsidering the distinct features of such *in forma pauperis* proceedings, . . . dismissals as frivolous or malicious should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice." *Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997). "When the trial court dismisses without prejudice it is expected that the court will assign reasons so that . . . appellate

4

review of the trial court's exercise of discretion may be performed properly." *Id.* "Unexplained dismissals without prejudice will necessitate a remand." *Id.*

Under Title 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss claims filed by a party proceeding *in forma pauperis* prior to service if the Court determines that the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. Pursuant to this provision, the Court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A finding of factual frivolousness is appropriate when the claims describe "fantastic or delusional scenarios," or "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 32.

## III.    ANALYSIS

Liberally construed, Woodards's Complaint states frivolous allegations that are barely understandable and have no basis in law. *See generally* ECF No. 1. Because Woodards proceeds *in forma pauperis* in this case, the Court has screened his Complaint. The undersigned concludes that his claims are nonsensical, fail to state a cause of action, and are frivolous under 28 U.S.C. § 1915(e)(2)(B).

Woodards claims that the Google Maps computer application directed him into "on-going traffic" in downtown Fort Worth and "placed him in harm's way." ECF No. 1 at 4. He mentions the words "product liability," *id.*, but he does not allege any facts that would support recovery of damages on such a theory. Woodards asserts that Court has diversity jurisdiction. *Id.* at 3. Because the incident at issue in the case allegedly occurred in Fort Worth, the substantive law of Texas applies to Woodards's claims. *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 805 (S.D. Tex. 2011). In Texas, a plaintiff may pursue three causes of action to recover damages on a product

liability theory: strict liability in tort, negligence, and breach of warranty. *Syrie v. Knoll Int'l*, 748 F.2d 304, 306 (5th Cir. 1984).

To establish a strict liability claim, the plaintiff must show: "(1) a product is defective; (2) the defect rendered the product unreasonably dangerous; (3) the product reached the consumer without substantial change in its condition from the time of original sale; and (4) the defective product was the producing cause of the injury to the user." *Id.* at 306. "To prevail on a claim of negligence against the supplier of an allegedly defective product, a plaintiff must prove a legal duty owed to the plaintiff by the defendant, breach of that duty, and damages to the plaintiff proximately caused by the breach of that duty." *Dewayne Rogers Logging, Inc. v. Propac Indust., Ltd.*, 299 S.W.3d 374, 385 (Tex. App.—Tyler 2009, pet. denied). Breach of warranty claims can involve an express warranty agreed to by the parties to a contract or an implied warranty that arises by operation of law. *AIG Europe LTD. V. Caterpillar Inc.*, No. 1:17-cv-319, 2019 WL 8806217, at *18 (E.D. Tex. Oct. 3, 2019). Under Chapter 2 of the Texas Business and Commerce Code, there are three implied warranties in transactions involving the sale of goods: the warranty of title, the warranty of merchantability, and the warranty of fitness for a particular purpose. Tex. Bus. & Com. Code §§ 2.312 -.315. Although Woodards does not state which warranty might apply to this case, to make out a case for breach of the implied warranty of merchantability, he would have to show that a merchant leased or sold him a product, the product was unfit for its ordinary purpose, he notified the defendant of the breach, and he suffered injury as a result of the breach. *AIG Europe*, 2019 WL 8806217, at *18-*19.

Woodards did not allege any facts that would support a claim against Google under any of the three possible causes of action for product liability. His Complaint does not set forth any facts to show that Google's product was defective, that the defect caused it to be unreasonably

dangerous, that it reached Woodards in substantially the same form as when it left Google's control, and that the defective product was a producing cause of injury to Woodards. Nor does the Complaint set forth facts to show that Google owed a legal duty to Woodards in connection with its Google Maps application, that it breached that duty, and that Woodards sustained injury as a proximate result of that breach. Finally, the Complaint is devoid of any references to express or implied warranties that Google allegedly breached that caused damage to Woodards. Accordingly, the Complaint fails to assert any claim against Google for strict liability in tort, negligence, or breach of warranty. Finally, although the Complaint states that Google should pay Woodards $1 trillion in punitive damages, it contains no facts describing actual damages that Google caused, and it provides no facts that describe any conduct by Google that would support an award of punitive damages.

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). To that end, the undersigned ordered Woodards to show cause why the undersigned should not recommend to Judge O'Connor that he dismiss this case with prejudice and enter an appropriate order sanctioning him. ECF No. 6. The Court set the show cause hearing for June 26, 2020, but Woodards failed to appear to further explain his claim against Google or his reasoning in filing this case after being warned seven times by Judge Hendrix that further frivolous filings might result in the imposition of sanctions.

When a district court screens a case under 28 U.S.C. § 1915(e)(2), it has the discretion to dismiss the case with or without prejudice. *Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009). "Though the statute is silent as to whether this dismissal should be with or without prejudice, … cases are appropriately dismissed with prejudice when 'evidence exists of bad faith,

manipulative tactics, or litigiousness.'" *Id.* Woodards's repetitive, vexatious, and time-consuming campaign of filing cases lacking any basis in law or fact evidences such "bad faith, manipulative tactics, or litigiousness." Because Woodards's Complaint is legally insufficient and because he failed to show cause why his Complaint should not be dismissed with prejudice, Judge O'Connor should dismiss this case with prejudice.

Moreover, Woodards filed the instant, frivolous action after the Court dismissed fifteen other complaints that he had filed and after Judge Hendrix warned him seven times that future frivolous filings might subject him to sanctions. Despite being ordered to show cause why this case should not be dismissed with prejudice as frivolous and why he filed the action after being warned that such a filing could subject him to sanctions, Woodards failed to appear at the show cause hearing. He did not file any response to the Court's order. He offered no further explanation of the events described in his Complaint or his disregard of Judge Hendrix's warnings of the consequences of filing additional frivolous pleadings. Under these extreme circumstances, Judge O'Connor should sanction Woodards by requiring that he obtain leave from a judge of this Court before filing any future civil action in this Court or continuing any action that is removed to this Court. Judge O'Connor should require Woodards to attach a copy of the Court's order imposing sanctions to any future filing requesting that a new case file be opened in this Court and to the first pleading that he files in any action removed to this Court. Finally, Judge O'Connor should instruct the Clerk of the Court not to file any complaint or other pleading opening a case offered by Woodards unless a judge of this Court has granted him leave to proceed.

## IV.    CONCLUSION AND RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **with PREJUDICE** pursuant to 28 U.S.C. §

1915(e)(2)(B) because it is frivolous and because the Complaint fails to state a claim upon which relief can be granted. The undersigned further **RECOMMENDS** that Judge O'Connor sanction Plaintiff as described above or as he otherwise deems appropriate under the circumstances.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed **June 30, 2020**.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

9